

1  Brent H. Blakely (Bar No. 157292)
   LAW OFFICES OF BRENT H. BLAKELY, INC.
2  865 Manhattan Beach Blvd. Suite 204
   Manhattan Beach, California 90266
3  Telephone (310) 796-5773 Facsimile 310-796-5723

4  Attorneys for Plaintiffs
   GEORGE DOWNING, PAUL STRAUCH, RICK STEERE,
5  RICHARD (BUFFALO) KEAULANA ,
   BEN AIPA, MIKE DOYLE and JOEY CABELL
6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 GEORGE DOWNING, an individual; PAUL        )  CASE NO.  CV99-4612R(MCx)
   STRAUCH, an individual; RICK STEERE, an    )
12 individual; RICHARD (BUFFALO)              )
   KEAULANA, an individual; BEN AIPA, an      )
13 individual; MIKE DOYLE, an individual; and )  AMENDED COMPLAINT FOR
   JOEY CABELL, an individual;                )  DAMAGES AND INJUNCTIVE
14                                            )  RELIEF:
                   Plaintiffs,                )
15                                            )  1.  COMMERCIAL
        vs.                                   )      APPROPRIATION OF IDENTITY
16                                            )      (Cal. Civ. Code § 3344)
   ABERCROMBIE & FITCH, an Ohio               )  2.  INVASION OF PRIVACY
17 corporation; and DOES 1 through 50 inclusive, ) 3.  MISAPPROPRIATION OF
                                              )      PUBLICITY
18                 Defendants.                )  4.  FALSE DESIGNATION OF
                                              )      ORIGIN UNDER THE LANHAM
19                                            )      ACT § 43(a), 15 U.S.C. § 1125(a).
                                              )  5.  NEGLIGENCE
20 _____           )  6.  DEFAMATION OF CHARACTER

21                                               JURY TRIAL DEMANDED

22

23       Plaintiffs George Downing, Paul Strauch, Rick Steere, Richard (Buffalo) Keaulana, Ben

24 Aipa, Mike Doyle, and Joey Cabell (collectively, "Plaintiffs") complain and allege as follows:

25                    JURISDICTIONAL ALLEGATIONS

26       1.      At all relevant times hereto, Plaintiff GEORGE DOWNING (hereinafter

27 "Downing") is an individual residing in Honolulu, Hawaii.

28 ///

                                        1

2.  . At all relevant times hereto, Plaintiff PAUL STRAUCH (hereinafter "Strauch") is an individual residing in Irvine, California.

3.  At all relevant times hereto, Plaintiff RICK STEERE (hereinafter "Steere") is an individual residing in Honolulu, Hawaii.

4.  At all relevant times hereto, Plaintiff RICHARD (BUFFALO) KEAULANA (hereinafter "Keaulana") is an individual residing in Honolulu, Hawaii.

5.  At all relevant times hereto, Plaintiff BEN AIPA (hereinafter "Aipa") is an individual residing in Honolulu, Hawaii.

6.  At all relevant times hereto, Plaintiff MIKE DOYLE (hereinafter "Doyle") is an individual residing in Fallbrook, California.

7.  At all relevant times hereto, Plaintiff JOEY CABELL (hereinafter "Cabell") is an individual residing in Honolulu, Hawaii.

8.  Plaintiffs are informed and believe, and thereon allege, that at all relevant times Defendant Abercrombie & Fitch (hereinafter "A&F") was a corporation existing under the general corporation laws of the State of Ohio, and was authorized to do business, and is currently doing business, in the state of California.

9.  Plaintiffs are unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 50, inclusive, and therefore sues them by their fictitious names. Plaintiffs will seek leave to amend this complaint when their true names and capacities are ascertained. Plaintiffs are informed and believe, and based thereon allege, that said Defendants and DOES 1 through 50, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

10. Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Defendants and DOES 1 through 50, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiffs further allege that Defendants

2

**Complaint for Damages and Injunctive Relief**

1  and DOES 1 through 50, inclusive, had a non-delegable duty to prevent or cure such acts and the

2  behavior described herein, which duty Defendants and DOES 1 through 50, inclusive, failed

3  and/or refused to perform.

4       11.    The jurisdiction of this Court over the subject matter of this action is predicated

5  on 28 USC § 1332. The amount in controversy exceeds $50,000.00, exclusive of interest and

6  costs.

7                       **VENUE ALLEGATIONS**

8       12.    Venue in the Central District of California is proper. The claims arose in this

9  district, Plaintiff Paul Strauch resides in this district, and Defendant A & F is subject to personal

10  jurisdiction within this district.

11                     **CHARGING ALLEGATIONS**

12       13.    Plaintiffs are informed and believe that A&F published, released and distributed a

13  quarterly catalog for the Spring 1999 season entitled "Spring Fever" (hereinafter the "Spring

14  1999 Catalog").

15       14.    Plaintiffs are informed and believe that A&F published the Spring 1999 Catalog

16  in connection with that Company's sale of products, merchandise and goods. Specifically, the

17  Catalog promotes the beach/surfing lifestyle in connection with the sale of A&F's apparel for the

18  Spring/Summer 1999 season.

19       15.    Plaintiffs are informed and believe that on page 67 of the Spring 1999 Catalog

20  begins a section entitled "Surf Nekkid" which contains photographs of completely naked

21  models, primarily male, in various lewd or suggestive poses while surfing at the beach.

22       16.    Plaintiffs are informed and believe that in the "Surf Nekkid" section, on pages 76

23  and 77, there is a black and white photograph   (the "Photograph") of a group of legendary

24  competitive surfers, identified by name, shown on Makaha Beach wearing contest jerseys from a

25  1960's era Makaha International Surfing Contest. Specifically, the Photograph depicts from left

26  to right:  Fred Hemmings, Buffalo Keaulana, Steve Bigler, Dewey Weber, George Downing,

27  Paul Strauch, Joey Cabell, Rick Steere, Kiki Spangler, Ken Rocky, Ben Aipa, Butch Hemmings,

28  and Mike Doyle.

**Complaint for Damages and Injunctive Relief**

17. . Adjoined to the Photograph of the aforementioned surfers at the Makaha Beach Surf Tournament, there are two pages, 78 and 79, which depict A&F garments identical to the contest jerseys worn by the Makaha surfers. Specifically, they are blue and white shirts with the A&F logo on the left sleeve identified as "final heat tee's," and include sizes and prices. (Attached hereto and incorporated herein as Exhibit #1 is a true and correct copy of the Spring 1999 Catalog, pages 67-79.)

18. Defendants, and each of them, have wrongfully utilized Plaintiffs' names and identities in disregard of and, therefore, damaging their rights of privacy and publicity, their exclusive property rights and their personal rights in and to the use of their names and likeness.

19. Plaintiffs are traditional competitive surfers who were unaware that A&F was going to utilize their names and likeness in A&F's Spring 1999 Catalog. None of the Plaintiffs were contacted nor in any way gave their consent regarding the use of their names and likeness in the Spring 1999 Catalog and none of the Plaintiffs were in any way compensated for the same.

20. The damage caused by A&F's unauthorized use of Plaintiffs' names and likeness in its Spring 1999 Catalog is compounded by the fact that A&F included the Photograph under a heading entitled "Surf Nekkid." This entire section ridicules and contradicts the traditional surfing lifestyle which Plaintiffs have spent a lifetime promoting.

## FIRST CAUSE OF ACTION

### (For Commercial Appropriation in Violation of California Civil Code Section 3344)

21. Plaintiffs repeat and reallege each and every allegation in paragraph 1 through 20 of this Complaint as set forth above.

22. Defendants have knowingly, and without the consent of Plaintiffs, utilized Plaintiffs' name and the Photograph in products, merchandise, goods and services, including but not limited to, the Spring 1999 Catalog.

23. Defendant A&F knowingly, and without the consent of Plaintiffs, utilized Plaintiffs' name and the Photograph for purposes of advertising, selling and soliciting purchases of products, merchandise, goods and services.

24. Defendants' conduct is in violation of California Civil Code Section 3344, since

4

**Complaint for Damages and Injunctive Relief**

114\99030039.CMP

such acts were without Plaintiffs' consent. Defendant A&F knowingly appropriated Plaintiffs' name and the Photograph for the purpose of promoting, marketing, merchandising and exploiting its Spring 1999 Catalog.

25.   Plaintiffs are informed and believe, and based thereon allege, that for each and every Defendant there was, and is, a direct connection between the use of Plaintiffs' name and the Photograph and the commercial purposes associated with the production, sale, distribution and promotion of the Spring 1999 Catalog.

26.   As a proximate result of the misappropriation of their name and the Photograph, Plaintiffs' reputations have been damaged and will continue to be damaged.

27.   As a proximate result of Defendants' actions, Plaintiffs have suffered actual damages in an amount to be shown at trial, but not less than five hundred thousand dollars ($500,000.00).

28.   Pursuant to California Civil Code Section 3344, Plaintiffs are also entitled to Defendants' profits from the Spring 1999 Catalog, resulting from the unauthorized exploitation of their names and the Photograph, in an amount to be proven at trial, but in no event less than five million dollars ($5,000,000.00).

29.   The use of Plaintiffs' names and the Photograph in the section entitled "Surf Nekkid" implies that Plaintiffs endorsed the Spring 1999 Catalog and the lewd photographs contained therein. As a result, the use of Plaintiffs' names and Photograph in the "Surf Nekkid" section of the Spring 1999 Catalog has subjected Plaintiffs to contempt, ridicule and obloquy, and have caused them to be shunned or avoided, has caused them shock, anger, embarrassment, and has had a tendency to injure many of them in their occupations.

30.   Defendants' acts were willful, malicious and oppressive to the extent that Defendants acted in conscious disregard of Plaintiffs' rights thereby subjecting Plaintiffs to cruel and unjust hardship, both within the industry from which many of them derive their living and in their personal life. Defendants' failed to properly obtain approval relative to their use of the name and the Photograph of Plaintiffs, and continued said despicable conduct pertinent to the distribution of the Spring 1999 Catalog and the accompanying advertising, selling and soliciting

5

**Complaint for Damages and Injunctive Relief**

114\99030039.CMP

1   purchases of products, merchandise, goods and services.

2        31.    In performing the acts herein alleged, Defendants have caused, and continue to

3   cause, Plaintiffs great and irreparable injury for which there is no adequate remedy at law.

4   Accordingly, Plaintiffs are entitled to injunctive relief.

5        32.    Pursuant to <u>California Civil Code</u> Section 3344, Plaintiffs are entitled to recover

6   their attorneys' fees in pursuing this action.

7   <u>**SECOND CAUSE OF ACTION**</u>

8   **(For Invasion of Privacy and Appropriation of Plaintiffs'**

9   **Name and Likeness Under Common Law)**

10       33.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 32

11  of this Complaint as set forth above.

12       34.    Defendants have, in writing, producing, distributing and selling the Spring 1999

13  Catalog, exploited, without Plaintiffs' consent, Plaintiffs' names and likeness and invaded their

14  right to privacy. More specifically, Defendant A&F appropriated Plaintiffs' names and likeness

15  for the purpose of promoting, marketing, merchandising and exploiting their Spring 1999

16  apparel collection.

17       35.    Defendants' exploitation of Plaintiffs' names and likeness in connection with the

18  Spring 1999 Catalog has resulted in their commercial gain at the expense of Plaintiffs'

19  reputations and legal rights through the unauthorized misappropriation of their names and

20  likenesses.

21       36.    Plaintiffs have been damaged in that they have suffered a loss of their good names

22  and reputations and their privacy has been invaded.

23       37.    As a proximate result of Defendants' actions, Plaintiffs have suffered actual

24  damages in an amount to be shown at trial, but in no event less than five hundred thousand

25  dollars ($500,000.00).

26       38.    Defendants' acts were willful, malicious and oppressive to the extent that

27  Defendants acted in conscious disregard of Plaintiffs' rights thereby subjecting Plaintiffs to cruel

28  and unjust hardship, both within the industry from which many of them derive their living and in

6

**Complaint for Damages and Injunctive Relief**

114\99030039.CMP

1  their personal life. Defendants' failed to properly obtain approval relative to their use of the

2  name and likeness of Plaintiffs, and continued said despicable conduct pertinent to the

3  distribution of the Spring 1999 Catalog and the accompanying advertising, selling and soliciting

4  purchases of products, merchandise, goods and services. Accordingly, Plaintiffs will seek an

5  award of punitive damages against Defendants, and each of them, for their wrongdoing, and to

6  deter them from similar wrongdoing in the future.

7      39.    In performing the acts herein alleged, Defendants have caused, and continue to

8  cause, Plaintiffs great and irreparable injury for which there is no adequate remedy at law.

9  Accordingly, Plaintiffs are entitled to injunctive relief.

10                    **THIRD CAUSE OF ACTION**

11  **(For Misappropriation of Plaintiffs' Right to Publicity Under Common Law)**

12      40.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 39

13  of this Complaint as set forth above.

14      41.    Defendants have, in writing, producing, distributing and selling the Spring 1999

15  Catalog, exploited, without Plaintiffs' consent, Plaintiffs' right to publicity. More specifically,

16  Defendant A&F appropriated Plaintiffs' right to publicity for the purpose of promoting,

17  marketing, merchandising and exploiting their Spring 1999 apparel collection.

18      42.    Defendants' exploitation of Plaintiffs' right to publicity connection with the

19  Spring 1999 Catalog has resulted in their commercial gain at the expense of Plaintiffs'

20  reputations and legal rights through the unauthorized misappropriation of their names and

21  likenesses.

22      43.    Plaintiffs have been damaged in that they have suffered a loss of their valuable

23  property rights as a result of Defendant's misappropriation of their right to publicity.

24      44.    As a proximate result of Defendants' actions, Plaintiffs have suffered actual

25  damages in an amount to be shown at trial, but in no event less than five hundred thousand

26  dollars ($500,000.00).

27      45.    Defendants' acts were willful, malicious and oppressive to the extent that

28  Defendants acted in conscious disregard of Plaintiffs' rights thereby subjecting Plaintiffs to cruel

7

**Complaint for Damages and Injunctive Relief**

114\99030039.CMP

1 and unjust hardship, both within the industry from which many of them derive their living and in

2 their personal life. Defendants' failed to properly obtain approval relative to their use of the

3 name and likeness of Plaintiffs, and continued said despicable conduct pertinent to the

4 distribution of the Spring 1999 Catalog and the accompanying advertising, selling and soliciting

5 purchases of products, merchandise, goods and services. Accordingly, Plaintiffs will seek an

6 award of punitive damages against Defendants, and each of them, for their wrongdoing, and to

7 deter them from similar wrongdoing in the future.

8      46.     In performing the acts herein alleged, Defendants have caused, and continue to

9 cause, Plaintiffs great and irreparable injury for which there is no adequate remedy at law.

10 Accordingly, Plaintiffs are entitled to injunctive relief.

11 **FOURTH CAUSE OF ACTION**

12 **(For False Designation of Origin Under The Lanham Act § 43(a), 15 U.S.C. § 1125(a))**

13      47.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 46

14 of this complaint as set forth above.

15      48.     By promoting and causing the Spring 1999 Catalog to be published and

16 distributed in interstate commerce, Defendants have falsely represented to the public that the

17 Spring 1999 Catalog is in some way authorized by, endorsed by, sponsored by, or associated

18 with the Plaintiffs.

19      49.     As a result, members of the public will be and in fact have actually been deceived

20 and/or confused into believing that the Spring 1999 Catalog is authorized by, endorsed by,

21 sponsored or associated with Plaintiffs. Plaintiffs have been seriously injured by such deception,

22 in that their reputations have been damaged. Plaintiffs have also been harmed by Defendants'

23 unauthorized use of their names and identities, which is a valuable property right, as an apparent

24 endorsement of the Spring 1999 Catalog.

25      50.     By engaging in the wrongful conduct described herein and above, Defendants

26 have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Because Defendants have

27 engaged in the conduct described herein with fraudulent intent, this is an exceptional case which

28 merits an award of treble damages and attorneys' fees against the Defendants.

8

**Complaint for Damages and Injunctive Relief**

114\99030039.CMP

51.    . Defendants' acts and conduct have caused and will continue to cause Plaintiffs great and irreparable injury which cannot be adequately compensated or measured in damages. Plaintiffs have no adequate remedy at law and will suffer immediate and irreparable loss, damage and injury unless Defendants are restrained and enjoined from continuing to engage in such wrongful conduct.

## FIFTH CAUSE OF ACTION

### (For Negligence)

52.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 51 of this Complaint as set forth above.

53.    Defendants owed to Plaintiffs a duty, for which the applicable standard of care was at least ordinary due care, to refrain from using or exploiting Plaintiffs' names or likeness for commercial purposes without Plaintiffs' prior consent.

54.    Defendants breached their duty owed to Plaintiffs by not using ordinary due care in creating, developing, producing, distributing, promoting, exhibiting and selling the Spring 1999 Catalog which exploited Plaintiffs' names and likeness.  Defendants knew or should have known that Plaintiffs had not consented to the use of their names and likeness, and Defendants had no reasonable basis for believing that Plaintiffs had given their consent to such use.

55.    As a proximate result of Defendants' actions, Plaintiffs have suffered actual damages to be shown at trial, but no less than five hundred thousand dollars ($500,000.00).

56.    In doing the acts alleged, Defendants acted willfully, maliciously and recklessly, and Plaintiffs are entitled to punitive damages in an amount according to proof at trial. Accordingly, Plaintiffs will seek an award of punitive damages against Defendants, and each of them, in an amount sufficient to punish Defendants, and each of them, for their wrongdoing, and to deter them from similar wrongdoing in the future.

57.    In performing the acts herein alleged, Defendants have caused, and continue to cause, Plaintiffs great and irreparable injury for which there is no adequate remedy at law. Accordingly, Plaintiffs are entitled to injunctive relief.

///

9

**Complaint for Damages and Injunctive Relief**

114\99030039.CMP

## SIXTH CAUSE OF ACTION

### (For Defamation of Character)

58.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 57 of this Complaint as set forth above.

59.     It is well settled jurisprudence that defamation of character includes the torts of libel and slander.  "Libel is a false and unprivileged publication by writing, printing, picture, effigy or other fixed representations to the eye, which exposes any person to hatred, contempt, ridicule or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation."

60.     Commencing in or about the Winter of 1998/1999 and continuing until the present, Defendants, and each of them, published to the general public certain photographs containing Plaintiffs' names and/or likenesses, including but not limited to A&F's Spring 1999 Catalog.

61.     In the Spring 1999 Catalog, Plaintiffs are portrayed in a section entitled "Surf Nekkid" which depicts numerous models, primarily male, in a variety of lewd or suggestive poses.  The inclusion of Plaintiffs' names and likenesses in this manner subjected them to ridicule, obloquy, and causes them to be shunned or avoided, and has a tendency to injure them in connection with their occupations.

62.     The use of Plaintiffs' names and likenesses in the section entitled "Surf Nekkid" implies that Plaintiffs endorsed the Spring 1999 Catalog and the lewd photographs contained therein.  As a result, the use of Plaintiffs' names and likenesses in the "Surf Nekkid" section of the Spring 1999 Catalog has subjected Plaintiffs to contempt, ridicule and obloquy, and have caused them to be shunned or avoided, and have had a tendency to injure many of them in their occupations.

63.     The use of Plaintiffs' names and likenesses in a manner which implies that Plaintiffs endorsed the "Surf Nekkid" section of A&F's Spring 1999 Catalog is false.

64.     Plaintiffs are informed and believe, and based thereon allege, that Defendants, and each of them, published the aforementioned defamatory photographs with actual knowledge

10

**Complaint for Damages and Injunctive Relief**

1   as to the falsity of the implied endorsement of the "Surf Nekkid" section, and/or with reckless

2   disregard as to their truth or falsity.

3        65.    The use of Plaintiffs' names and likenesses in the "Surf Nekkid" section was

4   defamatory because they were published intentionally, and because it had a natural and probable

5   effect on the average viewer, reader and/or listener to defame Plaintiffs.

6        66.    The use of Plaintiffs' names and likenesses in the "Surf Nekkid" section of

7   A&F's Spring 1999 Catalog were of or concerning the Plaintiffs in that the reasonable viewer or

8   reader would understand that the defamatory communications referred to the Plaintiffs.

9        67.    Plaintiffs are informed and believe, and based thereon allege, that the use of their

10   names and likenesses were not privileged by any rule of law.

11        68.    As a direct and legal result of Defendants' defamation of Plaintiffs, Plaintiffs

12   have suffered general damages, including but not limited to, damage to their good names and

13   reputations, shame, embarrassment, mortification, humiliation and injured feelings, and other

14   general damages according to proof at trial, but in no event less than five hundred thousand

15   dollars ($500,000.00).

16        69.    Plaintiffs are informed and believe, and based thereon allege, that Defendants'

17   defamation of Plaintiffs was engaged in with actual malice.  Defendants, and each of them, at all

18   times material to this cause of action, used the names and likenesses of Plaintiffs in A&F's

19   Spring 1999 Catalog with actual knowledge that the implied endorsement of the "Surf Nekkid"

20   section and A&F's product were untrue.  In addition, Defendants' acts were willful, malicious

21   and oppressive to the extent that Defendant acted in conscious disregard of Plaintiffs' rights

22   thereby subjecting Plaintiffs to cruel and unjust hardship.  Accordingly, Plaintiffs will seek an

23   award of punitive damages against Defendants, and each of them, in an amount sufficient to

24   punish Defendants, and each of them, for their wrongdoing, and to deter them from similar

25   wrongdoing in the future.

26

27                    **ON THE FIRST CAUSE OF ACTION**:

28        1.    For actual damages in an amount not less than five hundred thousand dollars

---

11

**Complaint for Damages and Injunctive Relief**

114\99030039.CMP

1          . ($500,000.00);

2      2.      All profits earned by each Defendant in connection with the exploitation of the

3          Photograph of Plaintiffs contained in the Spring 1999 Catalog according to proof

4          at trial, but in no event less than five million dollars ($5,000,000.00);

5      3.      Compensation for mental distress;

6      4.      For punitive damages according to proof at trial

7      5.      For temporary and permanent injunction restraining Defendants from any and all

8          future exploitation of the Spring 1999 Catalog in any form;

9      6.      For attorneys' fees;

10      7.      For costs of suit herein incurred; and

11      8.      For such other and further relief as the Court may deem proper.

12                **ON THE SECOND CAUSE OF ACTION**:

13      1.      For actual damages in an amount not less than five hundred thousand dollars

14          ($500,000.00);

15      2.      For punitive damages according to proof at trial;

16      3.      For a temporary and permanent injunction restraining Defendants from any and

17          all future exploitation of the Spring 1999 Catalog in any form;

18      4.      For attorneys' fees;

19      5.      For costs of suit herein incurred; and

20      6.      For such other and further relief as the Court may deem proper.

21                **ON THE THIRD CAUSE OF ACTION**:

22      1.      For actual damages in an amount not less than five hundred thousand dollars

23          ($500,000.00);

24      2.      For a temporary and permanent injunction restraining Defendants from any and

25          all future exploitation of the Spring 1999 Catalog in any form;

26      3.      For attorneys' fees;

27      4.      For costs of suit herein incurred; and

28      5.      For such other and further relief as the Court may deem proper.

**Complaint for Damages and Injunctive Relief**

**ON THE FOURTH CAUSE OF ACTION**:

1. For actual damages in an amount not less than five hundred thousand dollars ($500,000.00);

2. For punitive damages according to proof at trial;

3. For a temporary and permanent injunction restraining Defendants from any and all future exploitation of the Spring 1999 Catalog in any form;

4. For attorneys' fees;

5. For costs of suit herein incurred; and

6. For such other and further relief as the Court may deem proper.

**ON THE FIFTH CAUSE OF ACTION**:

1. For actual damages in an amount not less than five hundred thousand dollars ($500,000.00);

2. For punitive damages according to proof at trial;

3. For a temporary and permanent injunction restraining Defendants from any and all future exploitation of the Spring 1999 Catalog in any form;

4. For attorneys' fees;

5. For costs of suit herein incurred;

6. For treble damages; and

7. For such other and further relief as the Court may deem proper.

///
///
///
///
///
///
///
///
///

13

114\99030039.CMP

## ON THE SIXTH CAUSE OF ACTION:

1.  For actual damages in an amount not less than five hundred thousand dollars ($500,000.00);

2.  For punitive damages according to proof at trial;

3.  For a temporary and permanent injunction restraining Defendants from any and all future exploitation of the Spring 1999 Catalog in any form;

4.  For attorneys' fees;

5.  For costs of suit herein incurred;

6.  For treble damages; and

7.  For such other and further relief as the Court may deem proper.

Dated: December 20, 1999            LAW OFFICES OF BRENT H. BLAKELY, INC.


By:   _____
      Brent H. Blakely

      Attorneys for Plaintiffs GEORGE
      DOWNING, PAUL STRAUCH, RICK
      STEERE, RICHARD (BUFFALO)
      KEAULANA, BEN AIPA, MIKE DOYLE
      and JOEY CABELL

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: _____, 1999         LAW OFFICES OF BRENT H. BLAKELY, INC.


By:   _____
      Brent H. Blakely

      Attorneys for Plaintiffs GEORGE
      DOWNING, PAUL STRAUCH, RICK
      STEERE, RICHARD (BUFFALO)
      KEAULANA, BEN AIPA, MIKE DOYLE,
      and JOEY CABELL

14

**Complaint for Damages and Injunctive Relief**

1

**PROOF OF SERVICE**

2

3

STATE OF CALIFORNIA          )

4                                     ) ss.

CITY AND COUNTY OF LOS ANGELES )

5

6      I am employed in the City of Manhattan Beach and County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is

7 as follows:865 Manhattan Beach Blvd. Suite 204, Manhattan Beach, Ca. 90266

8      On January 5, 2000, I served the foregoing document(s) described as:

9     **-Certification as to Interested Parties**

     **-First Amended Complaint**

10

on the interested parties in this action by placing a true and correct copy thereof in a sealed

11 envelopes addressed as follows:

12

David Aronoff, Esq.

13 Leopold, Petrich & Smith

2049 Century Park East, Suite 3110

14 Los Angeles, California 90067-3274

15

I am readily familiar with my firm's practice of collection and processing of correspondence for

16 mail service via United States Post Office and under that practice such envelope(s) would be deposited with the United States Post Office on the same day with postage thereon fully prepaid

17 at Manhattan Beach, California in the ordinary course of business.

18

     I declare that the foregoing is true and correct and that this was executed this 5$^b$ day of

19 January, 2000, at Manhattan Beach, California.

20

21

22 Alison Ingham

23